# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

June 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EDITH BAILEY, WIDOW OF**
**EUGENE R. BAILEY,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1528** (BOR Appeal No. 2047255)
                                (Claim No. 920063070)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**JET COAL SERVICES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Edith Bailey, widow of Eugene R. Bailey, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 3, 2012, in which the Board affirmed a May 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 16, 2009, decision which denied the claim for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bailey, a coal miner, developed occupational pneumoconiosis in the course of his employment. He was awarded a total of 30% permanent partial disability for the disease during his lifetime. Mr. Bailey passed away on March 30, 2008. His widow thereafter applied for dependent's benefits. Her claim was denied by the claims administrator on November 16, 2009, upon a finding that occupational pneumoconiosis did not cause nor was a material contributing factor in Mr. Bailey's death.

The cause of death on the autopsy report was listed as bilateral acute and organizing bronchopneumonia. The Occupational Pneumoconiosis Board determined on September 15, 2009, that occupational pneumoconiosis was not a material contributing factor in Mr. Bailey's death. In a letter dated May 20, 2010, Rodney Fink, D.O., disagreed. He opined that it was very clear from the death certificate and autopsy report that Mr. Bailey's occupational pneumoconiosis accelerated his death and, combined with bilateral bronchopneumonia, in fact caused his death. He stated that he spoke to Megan Koontz, M.D., who signed the death certificate, and she agreed that occupational pneumoconiosis was a significant contributor to Mr. Bailey's death. He also noted that the autopsy showed marked anthracosis and emphysematous changes.

In a letter dated March 1, 2011, Mario Stefanini, M.D., concluded that Mr. Bailey had a significant non-smoking-related chronic pulmonary disease with added features of simple occupational pneumoconiosis. He found no evidence that the terminal lung disease had a bacterial or fungal etiology and no evidence that myelodysplastic disease could not be connected to the death. He opined that if Mr. Bailey had healthy lungs he may have been able to survive the fatal lung disease or at least survived longer. Given this, occupational pneumoconiosis was determined to be a significant factor in Mr. Bailey's death. Erika Crouch, M.D., disagreed in her November 9, 2011, pulmonary pathology consultation report. She diagnosed simple occupational pneumoconiosis and acute and organizing bronchopneumonia. She opined that the dust-related lung changes were too mild to have caused any significant degree of respiratory impairment or disability and could not have caused, contributed to, or hastened Mr. Bailey's death. She noted that another significant medical problem was myelodysplastic syndrome with leukopenia.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on March 21, 2012. Jack Kinder, M.D., testified on behalf of the Board that he had the opportunity to review all of the evidence on the record. He opined that Mr. Bailey died as the result of pneumonia. Though he acknowledged that this was a close case, he asserted that occupational pneumoconiosis was not a material contributing factor in Mr. Bailey's death. Johnsey Leef, M.D., and Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The Office of Judges affirmed the claims administrator's rejection of the claim in its May 18, 2012, Order. It found the Occupational Pneumoconiosis Board's opinion to be persuasive. The Board found that Mr. Bailey died as a result of pneumonia. Myelodysplastic syndrome, a

blood disorder treated with chemotherapy, was determined to have played a role in the death as well because it caused Mr. Bailey to have decreased white blood cells. He was therefore less capable of combating infections. Members of the Occupational Pneumoconiosis Board testified that someone in the same condition would have died as he did and when he did regardless of the presence of a lung disease, such as occupational pneumoconiosis. The Board found that when deference is given to Mrs. Bailey, the case is a close call. However, occupational pneumoconiosis was ultimately determined not to be a material contributing factor in Mr. Bailey's death.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 3, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Comp. Comm'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The evidence in this case indicates that Mr. Bailey died as the result of bilateral bronchopneumonia and that occupational pneumoconiosis was not a material contributing factor in his death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3